E-FILED
Tuesday, 22 September, 2026 10:19:19 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DANNY TRAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:26-cv-01403-SEM-DJQ |
| | ) | |
| PETER WILLIAM WRIGLEY, MD, *et al.* | ) | |
| | ) | |
| Defendant. | | |

**ORDER**

Plaintiff proceeds pro se from Pontiac Correctional Center. He seeks to sue several providers at OSF St. Joseph and St. Francis hospitals. He seeks to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

The case is before the Court for a merit review of Plaintiff's complaint. The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names as Defendants Peter William Wrigley, MD, the John W. Albrecht Medical Center Emergency Department, and Jane and John Doe nurses.

Plaintiff alleges that he fell and hit his head on October 10, October 11, and October 14, 2024. Staff at Pontiac Correctional Center promptly sent Plaintiff to OSF St. James Healthcare emergency department for treatment after each fall.

On October 14, upon arrival at St. James, the hospital's staff refused to treat him. The correctional officers transporting Plaintiff then took him to OSF St. Francis emergency department, on direction from prison officials. Plaintiff was treated at St. Francis and was unresponsive between October 14 and sometime in November and was on life support for fourteen days at St. Francis.

On March 10, 2025, Plaintiff was taken for a medical writ for a consultation with Dr. Peter William Wrigley, a neurological specialist, and Wrigley told Plaintiff that "we gave you the wrong shot," meaning healthcare staff at OSF St. Francis gave Plaintiff the wrong medication when Plaintiff was there in October and November 2024.

Plaintiff seeks to pursue claims against the medical personnel at OSF St. James and OSF St. Francis based on these occurrences.

"Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law." *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014). The Seventh Circuit has held that medical providers who have "'only an incidental or transitory relationship' with the penal system generally are not considered state actors." *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 797–98 (7th Cir. 2014).

Here, Defendants treated Plaintiff when he was brought to the emergency department at the private hospitals where they worked. Plaintiff alleges that the hospital personnel treated him improperly in October 2024, and that when he went for a specialist consultation with one of those physicians a few months later in

March 2025 that physician, Wrigley, admitted that Plaintiff was given the wrong medications when Plaintiff was seen earlier. Plaintiff's allegations sound in medical malpractice rather than constitutional tort. Plaintiff's allegations do not support a plausible inference that any Defendant sued here is a state actor for purposes of federal jurisdiction. *Shields*, 746 F.3d at 797–98.

Purely state law claims "rely on the court's supplemental jurisdiction." *Dixon v. County of Cook*, 819 F.3d 343, 351 (7th Cir. 2016) (citing 28 U.S.C. § 1367(a)). Without an underlying federal claim upon which to invoke the Court's supplemental jurisdiction, Plaintiff's action must be dismissed.

To the extent Plaintiff seeks to pursue a medical malpractice claim against medical providers from OSF St. James and OSF St. Francis, as he alleges in his Complaint, he must do so in Illinois state court.[1] Plaintiff's complaint is dismissed without prejudice.

---

[1] If Plaintiff plans to pursue a claim in state court alleging medical malpractice, he will be required to comply with the Illinois Healing Arts Malpractice statute. *See* 735 ILCS 5/2-622 *et. seq*; *see also Young v. United States*, 942 F.3d 349 (7th Cir. 2019). This statute requires Plaintiff to provide the court with an affidavit and a "certificate of merit," a written report by a health professional attesting that there is a "reasonable and meritorious cause for the filing." 735 ILCS 5/2-622(a); *see also Hahn v. Walsh*, 762 F.3d 617, 628-33 (7th Cir. 2014).

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion to Proceed in Forma Pauperis [3] is GRANTED. Clerk to calculate and collect initial partial filing fee.

2. Plaintiff's Motion to Request Counsel [5] is DENIED. Plaintiff has not demonstrated a reasonable attempt to find a lawyer on his own, nor that he has been prevented from doing so. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

3. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff does not state a federal claim. The complaint is dismissed without prejudice for lack of federal subject matter jurisdiction. Plaintiff is allowed 21 days to file an amended complaint if he believes he can state a federal claim in good faith and consistent with the law as stated in this Order. If Plaintiff does not amend, this action will be dismissed without prejudice and if Plaintiff so desires he pursue his state law claims in state court.

Entered September 22, 2026.

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT
JUDGE